UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-0002-JMS-TAB-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JUAN MADRID, | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cr-00002-JMS-TAB |
| ) | |
| JUAN MADRID, ) | -02 |
| ) | |
| Defendant. ) | |

**Order Denying Second Motion for Compassionate Release**

On October 26, 2020, Defendant Juan Madrid filed his first Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Dkt. 933. Madrid's original motion sought release based on the fact that he had tested positive for COVID-19 and did not believe that the Bureau of Prisons (BOP) could protect him from reinfection. Dkt. 933 at p. 9. In denying this motion, the Court explained that Madrid's motion did not show that he is entitled to compassionate release under § 3582(c)(1)(A). The Court provided Madrid with a form Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), and explained that if Madrid renewed his motion, he must report when he tested positive for COVID-19; whether he suffered any symptoms after his infection with COVID-19; whether he had recovered from COVID-19; and, if he had not recovered, whether he continued to suffer from any symptoms. Dkt. 934.

Now before the Court is Madrid's Second Motion for Compassionate Release. Dkt. 940.[1] Madrid incorporates his prior motion by reference and additionally asserts that he is entitled to immediate release from custody because he has "a serious physical or medical condition, that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, from which [he is] not expected to recover." Dkt. 940 at p. 4. Because Madrid has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **DENIED.**

# I.
## DISCUSSION

Madrid pled guilty to drug crimes (Counts 1 and 3), possession of a firearm as a previously convicted felon (Count 7), and conspiracy to launder monetary instruments (Count 23). He was sentenced to 240 months' imprisonment on Counts 1, 3, and 23, and 120 months' imprisonment on Count 7 with all Counts to run concurrently. He was further sentenced to a 5-year term of supervised release. Judgment was entered on June 28, 2017.

Madrid is now 29 years old and incarcerated at Lompoc FCI. As of January 11, 2021, the BOP reports that Lompoc FCI has 0 active COVID-19 cases among inmates; it also reports that 3 inmates at FCI Lompoc have died of COVID-19 and that 667 have recovered from the virus. https://www.bop.gov/coronavirus/ (last visited January 11, 2021). The Bureau of Prisons' website also reflects that Madrid's anticipated release date is December 24, 2032. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 11, 2021).

The Court understands Madrid to be arguing in his renewed motion for compassionate release that he should be released from incarceration because he has medical conditions that put him at an increased risk of experiencing severe COVID-19 symptoms and because he contracted

---

[1] The Court concludes that it does not require a response from the United States to decide the issues present by Madrid's motion.

COVID-19 while in custody at Lompoc FCI. Madrid also asserts that he has a serious medical condition that substantially diminishes his ability to provide self-care at Lompoc FCI. Finally, Madrid's motion reflects that he is not happy with the way the BOP has handled the pandemic at Lompoc FCI.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Court ultimately possesses broad discretion to determine what constitutes an "extraordinary and compelling reason" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). That said, in keeping with the Seventh Circuit's direction in *Gunn*, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. *Id.* at 1180.

Nothing in Madrid's pending motion for compassionate release suggests that he is facing extraordinary and compelling circumstances that warrant relief. First, there are no medical records or other evidence to support Madrid's assertion that he is unable to provide self-care at the prison. Indeed, Madrid contradicts this assertion by stating in his motion that he will seek employment upon release from custody and that he is currently enrolled in college courses. Dkt. 940 at p. 7. These circumstances are inconsistent with the inability to provide self-care.

In addition, Madrid's medical diagnoses include tuberculosis, hypertension and skin infections. *Id.* These are not diagnoses that reflect an inability to provide self-care such as ambulation or feeding and dressing oneself. This conclusion is consistent with the fact that Madrid does not report requiring any durable medical equipment such as a wheelchair, walker, oxygen or hospital bed. *Id.* at p. 8.

Madrid had a positive COVID-19 diagnosis. Dkt. 933-1 (postive SARS-CoV-2 RNA test collected on May 6, 2020). But there is no evidence that Madrid was ever hospitalized, and he does not contend that he is currently COVID-19 positive or still suffering from symptoms of COVID-19.

Madrid reportedly has a medical condition that increases his risk for developing severe COVID-19 symptoms, but Madrid contracted COVID-19 months ago and he appears to have recovered. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 11, 2021) (listing hypertension or high blood pressure a condition that might increase the risk of severe COVID-19 symptoms). There is no evidence that Madrid was hospitalized or required any medical attention to overcome the virus.

He does not claim to be suffering from any lasting effects from the virus. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

To the extent Madrid's pro se motion can be liberally read to suggest that the possibility of reinfection constitutes an extraordinary and compelling reason warranting release, the result does not change. The Court recognizes that FCI Lompoc experienced a large outbreak of COVID-19. But the outbreak currently appears to be largely under control in the inmate population. Regardless, any reliance on the possibility that Madrid will be re-infected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Jan. 8, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has experienced a mild case of COVID-19 or recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020).

Madrid's allegations that the BOP is unable to protect him from further infection because Lompoc FCI is overcrowded and understaffed could conceivably form the basis of a suit for civil relief. But these allegations do not represent a reason to release Madrid from incarceration more than 10 years early.

Given the Court's determination that Madrid has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

## II.
### CONCLUSION

For the reasons stated above, Madrid's Motion for Compassionate Release, dkt. [940], is **denied**.

**IT IS SO ORDERED.**

Date: 1/12/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Juan Madrid
Reg. No. 13858-028
FCI Lompoc
Federal Correctional Institution
3600 Guard Road
Lompoc, CA  93436